IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| **BERKLEY ASSURANCE COMPANY,** § § | |
| **PLAINTIFF,** § § | |
| V. § § § | CIVIL ACTION NO. 6:21-cv-78 |
| **STRONG TOWER ENTERPRISES, LLC, KING'S STRONG TOWER ENTERPRISES, LLC, and KGPCO SERVICES, LLC f/k/a BLUESTREAM PROFESSIONAL SERVICES, L.L.C.,** § § § § § § § | |
| **DEFENDANTS.** § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Berkley Assurance Company ("Plaintiff" or "Berkley") files this Original Complaint for Declaratory Judgment against Strong Tower Enterprises, LLC ("Strong Tower"), King's Strong Tower Enterprises, LLC ("King"), and KGPCo Services, L.L.C. f/k/a BlueStream Professional Services, L.L.C. ("KGPCo"), and in support thereof, states as follows:

### I.
### NATURE OF THE ACTON

1. Berkley brings this action seeking a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

2. This is an action for declaratory judgment arising out of an actual and existing controversy concerning the parties' rights, status, and obligations under insurance policies issued by Berkley to Strong Tower in connection with an underlying lawsuit filed by KGPCo against King, styled *KGPCo Services, L.L.C. f/k/a BlueStream Professional Services, L.L.C. v. King's*

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**            **PAGE 1**
262689447v.1

*Strong Tower Enterprises, LLC*, Civil Action No. 6:21-cv-00050-C in the United States District Court for the Northern District of Texas (the "Underlying Lawsuit").

3.  Berkley seeks a declaration that it does not owe a duty to defend or a duty to indemnify King for the Underlying Lawsuit.

4.  Alternatively, Berkley seeks rescission of the insurance policies that it issued to Strong Tower Enterprises, LLC based on material misrepresentations in the application for insurance.

## II.
## PARTIES

5.  Plaintiff Berkley is an insurance company organized under the laws of the State of Iowa, with its principal place of business at 7233 East Butherus Drive, Scottsdale, Arizona 85260, and is therefore considered a citizen of the State of Iowa and the State of Arizona for diversity purposes.

6.  Defendant Strong Tower was a limited liability company organized under the laws of the State of Texas, with its principal place of business at 2401 1st Street, Brownwood, TX 76801.  On May 9, 2016, Strong Tower filed its Certificate of Termination with the Texas Secretary of State.  The sole members/managers of Strong Tower were Leslie G. King and Christian McDaniel, both of whom are individuals and citizens of the State of Texas.  Strong Tower therefore is considered a citizen of the State of Texas for diversity purposes.  Strong Tower can be served through its registered agent, Incorp Services, Inc., 815 Brazos, Suite 500, Austin, TX 78701.

7.  Defendant King is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 901 N. Fisk Avenue, #178, Brownwood, Texas. The sole member/manager of King is Leslie G. King, who is an individual and a citizen of

the State of Texas. King therefore is considered a citizen of the State of Texas for diversity purposes. King can be served through its registered agent, Leslie G. King, 901 N. Fisk #178, Brownwood, Texas 76801.

8. Defendant KGPCo is a limited liability company organized under the laws of the State of Minnesota, with its principal place of business at 3305 Highway 60 West, Faribault, Minnesota 55021. The sole member/manager of KGPCo is Stuart Romenesko, who is an individual and a citizen of the State of Minnesota. KGPCo therefore is considered a citizen of Minnesota for diversity purposes. KGPCo can be served through its registered agent, Corporation Service Company, 2345 Rice Street, Suite 230, Roseville, MN 55113.

## III.
## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because it involves a dispute between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Venue is proper in the Northern District of Texas, San Angelo Division, pursuant to 28 U.S.C. § 1391(c), because it is the judicial district where Defendant King has its principal place of business.

## IV.
## FACTUAL BACKGROUND

**A.   The Policies**

11. Berkley issued commercial general liability policy number VUMB 0183221 to Strong Tower Enterprises, LLC for the policy period from August 27, 2019 to August 27, 2020 (the "CGL Policy"). Berkley also issued commercial excess liability policy number VUMB

0183231 to Strong Tower Enterprises, LLC for the policy period from August 27, 2019 to August 27, 2020 (the "Excess Policy," and together with the CGL Policy, the "Policies").

12.     The insurance application and underwriting documents submitted to Berkley for issuance of the Policies identified the requested named insured as Strong Tower Enterprises, LLC.

B.     **The Underlying Lawsuit**

13.     On or about August 4, 2021, KGPCo filed the Underlying Lawsuit against King.

14.     KGPCo alleges that it previously entered into a subcontractor agreement with Titan Communications to provide certain engineering and installation service on a cell tower in Seale, Alabama (the "Cell Tower"). KGPCo further alleges that Titan Communications entered into a joint venture agreement with King pursuant to which King would perform tower-related work on behalf of the joint venture.

15.     KGPCo alleges that as part of that joint venture, on June 1, 2020, King undertook engineering and installation services on the Cell Tower. KGPCo further alleges that while attempting to lower a sector boom on the Cell Tower, King caused a line supporting the sector boom to break, and the sector boom fell, hitting a guy wire and causing the Cell Tower to collapse.

16.     KGPCo asserts that it paid over $600,000 in connection with the collapse, including amounts to rebuild the Cell Tower and to compensate third parties who had leased space on the Cell Tower. KGPCo asserts that King is responsible for the collapse and seeks reimbursement from King for amounts that KGPCo has paid in connection with the collapse.

17.     Upon information and belief, King was utilizing a winch attached to a work truck to lower the section boom when the line broke and caused the collapse.

18.  On or about September 20, 2021, King tendered the Underlying Lawsuit to Berkley requesting defense and indemnity coverage for the Underlying Lawsuit under the Policies that Berkley issued to Strong Tower.

19.  Berkley is currently providing King with a defense in the Underlying Lawsuit, subject to a full and complete reservation of rights.

## V.
## CAUSE OF ACTION FOR DECLARATORY JUDGMENT— NO COVERAGE

20.  Berkley incorporates by reference the allegations of the foregoing paragraphs of this Complaint.

**A.   KING IS NOT AN INSURED UNDER THE POLICIES**

21.  The CGL Policy's Coverage A insuring agreement states: "[Berkley] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."  The Excess Policy's insuring agreement similarly states: "[Berkley] hereby agrees to pay on behalf of the Insured that portion of 'Ultimate Net Loss' in excess of the limits of 'Underlying Insurance' as shown in the Schedule of 'Underlying Insurance'…." Accordingly, the Policies potentially provide coverage only for entities or individuals that qualify as "insureds" under the Policies.

22.  The named insured on both Policies is Strong Tower.

23.  The only named defendant in the Underlying Lawsuit is King.

24.  King is not the named insured on the Policies nor does it otherwise qualify as an insured under any other provision of the Policies.  King therefore is not entitled to coverage under the Policies.

25.  Accordingly, Berkley seeks a declaration that it is not required to provide King with defense or indemnity coverage for the Underlying Lawsuit.

**B.     THE AUTO EXCLUSION PRECLUDES COVERAGE FOR THE UNDERLYING LAWSUIT**

26. The CGL Policy's exclusion g. Aircraft, Auto or Watercraft excludes coverage for:

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operations and "loading and unloading".

* * * *

27. Upon information and belief, King was utilizing a winch attached to a truck to lower the boom section at the Cell Tower. The rope connected to the winch broke, causing the boom to fall and collapse the Cell Tower.

28. Because the alleged "property damage" arises out of King's use of an "auto," the Aircraft, Auto or Watercraft exclusion precludes coverage for the Underlying Lawsuit under the CGL Policy.

29. The Excess Policy's insuring agreement states, "In no event will this policy grant broader coverage than that provided by the most restrictive policy included in the 'Underlying Insurance'." Because there is no coverage for the Underlying Lawsuit under the CGL Policy due to the Aircraft, Auto or Watercraft exclusion, the Excess Policy also does not provide coverage for the Underlying Lawsuit.

30. For this additional reason, Berkley seeks a declaration that it is not required to provide King with defense or indemnity coverage for the Underlying Lawsuit.

## VI.
## CAUSE OF ACTION FOR DECLARATORY JUDGMENT— RESCISSION

31. Berkley incorporates by reference the allegations of the foregoing paragraphs of this Complaint.

32. The CGL Policy's **Section IV – Commercial General Liability Conditions**, Condition **6. Representations** (as amended by the Contractors Enhancement Form Endorsement VCAS 99 75 08) states as follows:

> By accepting this policy, you agree:
>
> **a.** The statements in the Declarations are accurate and complete;
>
> **b.** Those statements are based on the representations you made to us; and
>
> **c.** We have issued this policy in reliance upon your representations.
>
> If you unintentionally fail to disclose any hazards existing at the inception date of this Policy, we will not deny coverage under this Coverage Form because of such failure.
>
> However, this does not affect our right to collect additional premium, exercise our right of cancellation or non-renewal, or enforce other legal rights based upon a material misrepresentation in response to a specific question in the application for this Policy.

\* \* \* \*

33. The insurance application and underwriting documents submitted to Berkley for issuance of the Policies (the "Application for Insurance") identified the requested named insured as Strong Tower Enterprises, LLC.

34. In reliance on the Application for Insurance identifying Strong Tower Enterprises, LLC as the requested named insured, Berkley issued the Policies to Strong Tower Enterprises, LLC.

35. Berkley subsequently learned that Strong Tower Enterprises, LLC had been terminated prior to the submission of the Application for Insurance to Berkley and that, in actuality, the insurance was being sought for a different entity, King's Strong Tower Enterprises, LLC.

36. If the Application for Insurance had included true, accurate, and correct information as to the requested named insured, Berkley would not have issued the Policies to Strong Tower Enterprises, LLC.

37. Thus, the identification of Strong Tower Enterprises, LLC as the requested named insured on the Application for Insurance was a material misrepresentation made with the intent to deceive Berkley into issuing the Policies.

38. Berkley seeks a declaration that the Policies are rescinded and/or cancelled from their inception and that Berkley has no obligations under the Policies.

39. Upon rescission, Berkley will refund the premiums paid for the Policies, less any offset for damages, attorney's fees, or costs to which Berkley may be entitled.

## VII.
## PRAYER FOR RELIEF

Berkley respectfully requests that the Court enter a judgment in its favor and against Defendants:

(1) declaring that the Policies do not provide coverage for the Underlying Lawsuit and that Berkley has no duty to defend or indemnify King for the Underlying Lawsuit;

(2) declaring that the Policies are rescinded and/or cancelled from their inception and that Berkley has no obligations under the Policies; and

(3) awarding Berkley its attorneys' fees, costs, and such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

By:    */s/ Ashley F. Gilmore*
      Ashley F. Gilmore
      State Bar No. 50511704
      ashley.gilmore@wilsonelser.com
      K. Daron Stone
      State Bar No. 24107931
      daron.stone@wilsonelser.com
      **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
      901 Main Street, Suite 4800
      Dallas, TX 75202-3758
      Telephone: 214-698-8000
      Facsimile: 214-698-1101

      **ATTORNEYS FOR PLAINTIFF BERKLEY ASSURANCE COMPANY**